# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CORY DWAYNE MICENHEIMER, | ) | Case No. CV 13-3853-CJC (JEM) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING  COMPLAINT WITH LEAVE TO AMEND |
| JOHN SOTO, | ) | |
| Defendant. | ) | |

On June 5, 2013, Cory Dwayne Micenheimer ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

1   which relief may be granted, allegations of material fact are taken as true and construed in

2   the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

3   1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

4   allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

5   a civil rights complaint may not supply essential elements of the claim that were not initially

6   pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

7   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

8         Although a complaint "does not need detailed factual allegations" to survive

9   dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

10  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

11  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

12  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

13  sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

14  possible or conceivable.  Id. at 557, 570.

15        Simply put, the complaint must contain "enough facts to state a claim to relief that is

16  plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents

17  enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.

18  Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks

19  for more than a sheer possibility that a defendant has acted unlawfully."  Id.   A complaint

20  that pleads facts that are merely consistent with liability stops short of the line between

21  possibility and plausibility.  Id.

22        In a pro se civil rights case, the complaint must be construed liberally to afford

23  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

24  623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured,

25  pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

26  opportunity to amend prior to the dismissal of an action.  Lucas v. Dept. of Corrections, 66

27  F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if

28  it is absolutely clear that the deficiencies cannot be cured by amendment should the

1   complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States,

2   70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099

3   (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without

4   leave to amend).

5          After careful review and consideration of the Complaint under the relevant standards

6   and for the reasons discussed below, the Court finds that the Complaint must be

7   **DISMISSED WITH LEAVE TO AMEND.**

8                              **PLAINTIFF'S ALLEGATIONS**

9          Plaintiff alleges the following facts in support of his claim that he was deprived of

10  humane conditions of confinement in violation of the Eighth Amendment:

11                 C[alifornia ]S[tate ]P[rison] [("CSP")] - Los Angeles County Warden J.

12                 Soto has failed to ensure adequate heating to the inmates housed in "A"

13                 Section of the B3 housing unit from 12/22/2012 to 2/10/2013. . . . After

14                 exhaustion of all remedies, conditions as of this date of May 16, 2013, remain

15                 the same[.] . . .  Warden J. Soto has failed to provide thermal bedding, thermal

16                 clothing, and has failed to turn off the air conditioner, leaving inmates

17                 defenseless under a temperature of 9 degrees Fahrenheit. . . . Warden J. Soto

18                 has failed four times to appropriately address an appeal filed 1/20/2013[.]

19  (Complaint at 5 (minor spelling and grammatical errors corrected).)  Plaintiff names

20  Defendant Soto as a defendant in his individual and official capacities.  (Complaint at 3.)

21  Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.  (Complaint

22  at 6.)

23                                   **DISCUSSION**

24         Having reviewed the Complaint pursuant to the standards set forth above, the Court

25  has determined that the Complaint does not withstand screening for the following reasons:

26  / / /

27  / / /

28  / / /

## I. Plaintiff Cannot State A Claim For Damages Against Defendant Soto In His Official Capacity

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Defendant Soto is an officer or agent of the California Department of Corrections and Rehabilitation ("CDCR"). Thus, Plaintiff's claim against Defendant Soto in his official capacity is tantamount to a claim against CDCR.

States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). CDCR is an agency of the State of California and, therefore, is entitled to Eleventh Amendment immunity. See Brown v. California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is a state agency entitled to Eleventh Amendment immunity).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988). Moreover, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

1    Accordingly, Plaintiff's claim for money damages against Defendant Soto in his

2 official capacity is barred by the Eleventh Amendment.

3  **II.    Plaintiff Has Failed to Plead Sufficient Facts**
       **to Show How Defendant Participated In**
4       **the Alleged Constitutional Violation**

5    Liability under § 1983 arises upon a showing of personal participation by the

6 defendant.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  To state a claim under

7 section 1983, a plaintiff must allege that (1) the defendant acted under color of state law,

8 and (2) the defendant deprived him of rights secured by the Constitution or federal law.

9 Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  A person deprives

10 another of a constitutional right where that person "does an affirmative act, participates in

11 another's affirmative acts, or omits to perform an act which [that person] is legally required

12 to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d

13 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by

14 some kind of direct, personal participation in the deprivation, but also by setting in motion a

15 series of acts by others which the actor knows or reasonably should know would cause

16 others to inflict the constitutional injury."  Id. at 743-44.

17    Thus, supervisory personnel generally are not liable under § 1983 on any theory of

18 respondeat superior or vicarious liability in the absence of a state law imposing such liability.

19 Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885

20 F.2d 642, 645- 46 (9th Cir. 1989).  A supervisory official may be liable under § 1983 only if

21 the official was personally involved in the constitutional deprivation, or if there was a

22 sufficient causal connection between the supervisor's wrongful conduct and the

23 constitutional violation.  Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also

24 Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).

25 "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training,

26 supervision, or control of subordinates; 2) their acquiescence in the constitutional

27 deprivation of which a complaint is made; or 3) for conduct that showed a reckless or

28

1    callous indifference to the rights of others." <u>Edgerly v. City and County of San Francisco</u>,

2    599 F.3d 946, 961 (9th Cir. 2010) (internal quotations and citation omitted).

3         The Complaint is devoid of any specific factual allegations that Soto engaged in any

4    affirmative act, participated in another's affirmative act, or failed to perform an act that he

5    was legally required to do that caused the deprivations of which Plaintiff complains.  The

6    Complaint merely alleges in a conclusory fashion that Soto "failed to ensure adequate

7    heating to the inmates", "failed to provide thermal bedding[ and] . . . thermal clothing", "failed

8    to turn off the air conditioner", and "failed four times to appropriately address an appeal filed

9    1/20/2013[.]" (Complaint at 6.)  These allegations, however, are insufficient to state a § 1983

10   claim for relief against Soto.  For example, Plaintiff sets forth no allegations that Soto

11   reasonably should have known or did know about the alleged constitutionally inadequate

12   conditions of confinement.  There is no indication in the grievance records attached to the

13   Complaint that Defendant Soto ever received or reviewed Plaintiff's complaints.  Likewise,

14   there are no specific allegations showing that <u>Soto</u>'s actions and/or omissions actually

15   caused Plaintiff's constitutional injuries.  Thus, there is an insufficient causal connection

16   between the constitutional deprivations alleged in the Complaint and Soto.  If Plaintiff

17   chooses to file an amended complaint against Defendant Soto, he must allege facts

18   demonstrating a specific and direct connection between Defendant Soto's actions and the

19   deprivation of Plaintiff's constitutional rights.

20   **III.    The Allegations In The Complaint Are Sufficient To Show**
     **That Plaintiff's Exposure To Extreme Cold Deprived Him**
21   **Of The Minimal Civilized Measure Of Life's Necessities**
     **But Fail To Show That Defendant Soto Acted With**
22   **Deliberate Indifference To Plaintiff's Health And Safety**

23        The Eighth Amendment's prohibition against cruel and unusual punishment imposes

24   duties on prison officials to "provide humane conditions of confinement."  <u>Farmer v.</u>

25   <u>Brennan</u>, 511 U.S. 825, 832 (1994).  "[P]rison officials must ensure that inmates receive

26   adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to

27   guarantee the safety of the inmates.'"  <u>Id.</u> (citation omitted).  Establishing a violation of the

28   Eighth Amendment requires a two-part showing.

First, an inmate must objectively show that he was deprived of something "sufficiently serious." Id. at 834.  A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see Hudson v. McMillian, 503 U.S. 1, 9 (1992).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006); see also Hudson, 503 U.S. at 9.

Second, the inmate must make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety.  Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835; see Clement v. California Dep't of Corrections, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002) ("Neither negligence nor gross negligence will constitute deliberate indifference.").  Instead, in order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  See, e.g., Farmer, 511 U.S. at 847.

"[P]risoners have a right to protection from extreme cold." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997); see Murphy v. Walker, 51 F.3d 714, 721 (7th Cir. 1995) (noting that a pretrial detainee has a right to adequate heat and shelter); Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988) (holding that a prisoner's allegations of exposure to the elements during winter months stated a cause of action under the Eighth Amendment); Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987) ("An allegation of inadequate heating may state an eighth amendment violation.").  Whether an inmate's exposure to cold temperatures constitutes an Eighth Amendment violation depends on the severity of the cold, the duration of the prisoner's exposure, the presence of an alternative means to warmth (i.e., a blanket or jacket), the efficacy of that alternative, and the presence of "other uncomfortable conditions[.]"  Dixon, 114 F.3d at 644.   No one of these factors, nor even a

1   combination of factors, is necessarily determinative of a claim's success.  <u>Dixon</u>, 114 F.3d at

2   644.

3         Plaintiff alleges that he was forced to endure cold temperatures for at least seven

4   weeks when his cell received no heat and continued to be exposed to cold air from the air

5   conditioner despite below-freezing outside temperatures as low as 9 degrees Fahrenheit.

6   (<u>See</u> Complaint at 5 (stating that Defendant Soto failed to ensure adequate heat from

7   12/22/2012 to 2/10/2013, and further stating that the conditions remain the same as of May

8   16, 2013); <u>see id</u>., Exhibits ("Exhs.") at 5-11).  Moreover, Plaintiff alleges that he did not

9   receive thermal bedding or thermal clothing to protect himself from the cold.  (Complaint at

10   5).  According to Plaintiff, this exposure to excessively cold temperatures made his hands

11   and feet "numb" and caused him to suffer a "cold illness."  (Complaint, Exhs. at 7, 8, 16.)

12         Plaintiff's allegations in the Complaint are <u>sufficient</u> for purposes of screening to show

13   that his exposure to cold temperatures constituted a denial of the minimal civilized measure

14   of life's necessities.

15         However, Plaintiff's allegations fail to establish that Soto acted with deliberate

16   indifference to Plaintiff's health and safety.  As previously noted, <u>see</u> <u>supra</u> at § II, Plaintiff

17   sets forth no allegations that Soto reasonably should have known or did know about the

18   alleged constitutionally inadequate conditions of confinement.  There is no indication in the

19   grievance records attached to the Complaint that Soto ever received or reviewed Plaintiff's

20   complaints.  Accordingly, the Complaint does not support the inference that Soto was

21   subjectively aware that the cold posed a substantial risk to Plaintiff's health.  <u>See</u> <u>Farmer</u>,

22   511 U.S. at 837.

23         If Plaintiff chooses to file an amended complaint against Defendant Soto, he must

24   allege specific facts demonstrating that Soto acted with deliberate indifference to Plaintiff's

25   health and safety in failing to remedy the allegedly cold temperatures.  The allegations are

26   insufficient as presently stated.

27                    * * * * * * * * *

28

1     For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO**

2  **AMEND**.

3     If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended

4  Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

5  discussed above.

6     If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the

7  docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be

8  filled out exactly in accordance with the directions on the form; and (4) be complete in and of

9  itself without reference to the previous complaints or any other pleading, attachment or

10  document.  The Clerk is directed to provide Plaintiff with a blank Central District of California

11  civil rights complaint form, which Plaintiff must fill out completely and resubmit.

12     **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**

13  **the deadline set herein, the Court may recommend that this action be dismissed for**

14  **failure to prosecute and failure to comply with a Court order.**

15

16  DATED: September 16, 2013                          _/s/ John E. McDermott_
17                                        JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28