UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN SOTO, et al,<br><br>        Defendants. | Case No. CV 13-3853-CJC (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On June 5, 2013, Cory Dwayne Micenheimer ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On September 16, 2013, the Court dismissed the Complaint, with leave to amend, pursuant to the screening provisions of the Prisoner Litigation Act of 1995 ("PLRA"). On November 18, 2013, plaintiff filed a First Amended Complaint.[1]

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

---

[1] Although plaintiff has entitled the complaint "Second Amended Complaint," it is a First Amended Complaint and the Court will refer to it as such.

seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a <u>pro se</u> civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. <u>Karim-Panahi v. Los Angeles Police Dept</u>, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. <u>Lucas v. Dept. of Corrections</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>see also</u> <u>Karim-Panahi</u>, 839 F.2d at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. <u>Id.</u> at 623; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995); <u>McQuillon v. Schwarzenegger</u>, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the First Amended Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF FIRST AMENDED COMPLAINT

Plaintiff's claims arise out of his confinement at the California State Prison-Los Angeles County at Lancaster ("CSP-LAC"), where he is currently incarcerated. (First Amended Complaint at 2.) The only named defendant is John Soto, Warden of CSP-LAC. (<u>Id.</u> at 3.) Plaintiff has also sued four John Doe defendants, whose title and position he describes as "maintenance." (<u>Id.</u> at 3-4.) Plaintiff sues all defendants in their individual capacities. (<u>Id.</u> at 3-4.)

Plaintiff contends that defendants subjected him to unconstitutionally cold temperatures between December 22, 2012 and February 21, 2013.[2] (First Amended Complaint at 6.) During this time, the heating, ventilation, and cooling ("HVAC") system blew air-conditioned air instead of warm air into the cells on plaintiff's cell block. (<u>Id.</u>) Plaintiff alleges that the HVAC system blew cold air into his cell even when outside

---

[2] As discussed later, it is unclear whether plaintiff is alleging that he was subjected to unconstitutionally cold temperatures after February 21, 2012.

3

temperatures fell to 9 degrees Fahrenheit. (Id. at 9.) As a result, plaintiff fell ill and suffered from a runny nose, itchy eyes, sore throat, ear pain, and numb hands and feet. (Id. at 9-10; Exh. C.)

Plaintiff alleges that between December 22, 2012 and February 21, 2013, he submitted written requests asking the maintenance department to remedy the situation, but nothing was done. (First Amended Complaint at 6, Exh. B.) According to the exhibits attached to the First Amended Complaint, a work order was issued on February 20, 2013 to check the HVAC system, and on February 21, 2013 the maintenance crew determined what was wrong and fixed the problem. (First Amended Complaint at 6, Exh. A.) It is unclear whether plaintiff is alleging that the problem persisted; "at one point he alleges that the constitutional violation lasted "from December to February to March to April to May," but his meaning is unclear. (First Amended Complaint at 10.)

Plaintiff alleges that Warden Soto is liable because he failed to supervise the maintenance department. As a result, the maintenance department did not conduct random inspections of the HVAC system, did not adequately respond to administrative requests, and did not ensure that the HVAC system blew warm rather than cold air into cells during winter. (First Amended Complaint at 5-6.)

Plaintiff alleges that he sent the Doe defendants numerous requests seeking immediate repair of the HVAC system, but they disregarded them. (First Amended Complaint at 9.) He also alleges that he filed an administrative appeal seeking thermal bedding and clothing and $5,000, but received neither the thermal bedding and clothing nor the money. (Id.) Instead, "defendants presented obstacles in processing the appeal." (Id.) He contends that the Doe defendants are liable because they failed to provide him with heating, or alternatively with thermal bedding and clothing, during the winter season. (Id. at 10.)

Plaintiff asserts federal claims under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. (First Amended Complaint at 5.) He requests adequate temperature control, adequate thermal bedding and thermal clothing, damages of

4

$5,000 from each defendant, punitive damages, and costs and attorney's fees compensating him for his time spent litigating this action. (Id. at 12.)

## DISCUSSION

### PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST WARDEN SOTO OR THE DOE DEFENDANTS.

Plaintiff asserts an Eighth Amendment claim based on exposure to cold temperatures in his cell.[3] (First Amended Complaint at 511.)

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (citation omitted). To establish that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must show that the deprivation was objectively sufficiently serious, and that defendants acted with deliberate indifference to the inmate's health or safety. Id. at 834; Whitley v. Seiter, 501 U.S. 294, 303 (1991).

Negligence, even gross negligence, is insufficient to show deliberate indifference. See Farmer, 511 U.S. at 835-36. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837; see Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000) (to show deliberate indifference, "the plaintiffs must show that the defendant officials had actual knowledge of the plaintiffs' basic human needs and deliberately refused to meet those needs"); Alvarez v. Lewis, 514 Fed. Appx. 658, 659 (9th Cir., Mar. 25, 2013) (summary judgment proper when plaintiff failed to

---

[3] Plaintiff also asserts a claim for violation of his "Fourteenth Amendment right and liberty to adequate conditions under the Due Process Clause." (First Amended Complaint at 5.) Plaintiff is a convicted prisoner, and his conditions of confinement claims arise solely under the Eighth Amendment.

5

1  raise a genuine dispute "whether defendants knew of and consciously disregarded a serious
2  risk of harm to [his] health from exposure to extremely cold temperatures in his cell").
3       In its previous dismissal order, the Court found that, at least on screening, plaintiff
4  has alleged a sufficiently serious deprivation to satisfy the objective component of an Eighth
5  Amendment violation. See Dixon v. Godinez, 114 F.3d 640, 642-44 (7th Cir. 1997) (whether
6  an inmate's exposure to cold temperatures constitutes an Eighth Amendment violation
7  depends on severity of cold, duration of prisoner's exposure, presence of alternative means
8  to warmth, efficacy of alternative means, and the presence of "other uncomfortable
9  conditions); see also Wilson v. Seiter, 501 U.S. 294, 304 (1991) (noting that low cell
10 temperature at night combined with failure to issue blankets may establish an Eighth
11 Amendment violation). The Court dismissed the Complaint, with leave to amend, because
12 plaintiff had not adequately alleged deliberate indifference. As discussed below, plaintiff has
13 failed to remedy that defect.

    **A.**    **Warden Soto**

15      "Liability under § 1983 must be based on the personal involvement of the defendant."
16 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a
17 constitutional right where that person "does an affirmative act, participates in another's
18 affirmative acts, or omits to perform an act which [that person] is legally required to do that
19 causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743
20 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind
21 of direct, personal participation in the deprivation, but also by setting in motion a series of
22 acts by others which the actor knows or reasonably should know would cause others to
23 inflict the constitutional injury." Id. at 743-44.
24      Here, plaintiff does not allege that Warden Soto personally knew of and disregarded
25 the cold temperatures in plaintiff's cell block, or that he knew of and disregarded his
26 subordinates' failure to provide plaintiff with thermal clothes and blankets. None of the
27 grievances attached to the First Amended Complaint show any involvement by Soto in
28 reviewing plaintiff's administrative appeals regarding the issue. (First Amended Complaint,

1  Exh. B.) In fact, plaintiff expressly alleges that Warden Soto was *not* directly involved in, or
2  even aware of, the matter. (First Amended Complaint at 7.) Plaintiff complains that he was
3  unable to send a request to Soto because Lieutenant Martinez had previously ordered him,
4  in connection with another matter, not to send any more requests to the warden. (Id.)
5  However, if Soto was not aware that plaintiff was being subjected to excessively cold
6  temperatures without being provided with other means of warmth, he cannot have been
7  deliberately indifferent to a substantial risk to plaintiff's health. See Farmer, 511 U.S. at
8  837.

9  Instead, plaintiff alleges that Soto "made a personal decision to remove himself" from
10 his responsibility to supervise the adequate functioning of the prison maintenance
11 department. (First Amended Complaint at 5.) He argues that this failure to supervise
12 renders Soto responsible for various alleged derelictions of the prison maintenance
13 department, such as its failure to conduct random inspections of the HVAC system, failure
14 to stop the HVAC system from blowing cold air into cells during winter, and failure to
15 adequately respond to inmate requests. (Id. at 6.)

16 Plainly, plaintiff is seeking to hold Soto liable based solely on his supervisory position
17 as warden. That is impermissible. " Because vicarious liability is inapplicable to . . . § 1983
18 suits, a plaintiff must plead that each Government-official defendant, through the official's
19 own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also
20 Hansen v. Black, 885 F.2d 642, 645–46 (9th Cir. 1989) ("Under Section 1983, supervisory
21 officials are not liable for actions of subordinates on any theory of vicarious liability.")
22 Supervisors can only be held liable for: (1) their own culpable action or inaction in the
23 training, supervision, or control of subordinates; (2) their acquiescence in the complained-of
24 constitutional deprivation; and (3) conduct that showed a reckless or callous indifference to
25 the rights of others. Edgerly v. City and County of San Francisco, 599 F.3d 946, 961 (9th
26 Cir. 2010).

27 Plaintiff's allegations regarding Soto do not allege liability under any of these
28 theories. The allegations about Soto's purported failure adequately to supervise the

7

maintenance department are purely conclusory; there are no *facts* showing insufficient supervision. Naked assertions devoid of further factual enhancement are insufficient to state a claim. Iqbal, 556 U.S. at 678. Moreover, defective maintenance of the prison HVAC system is not by itself a constitutional violation. The essence of plaintiff's Eighth Amendment claim is not that the prison HVAC system malfunctioned and blew air-conditioned air during cold weather, but that defendants delayed repairing it despite plaintiff's complaints, and in the meantime did not provide plaintiff with alternative means of keeping warm. The First Amended Complaint contains no facts linking Soto to this deprivation.

### B. Doe Defendants

Plaintiff has also asserted his Eighth Amendment claim against four Doe defendants, whom he describes as being "in maintenance." He alleges that he sent them a number of requests seeking immediate repair of the HVAC system, and they disregarded them. (First Amended Complaint at 9, Exh. B.)

These allegations are insufficient to allege deliberate indifference on the part of these defendants. First, plaintiff's allegations and exhibits show that a work order was submitted on February 20, 2013 and the HVAC system was fixed the next day. (First Amended Complaint at 6; Exh. A.) A prison official was not deliberately indifferent if he received plaintiff's request only a short time before February 20, 2013 and promptly took action. Plaintiff must allege facts showing that each Doe defendant was aware of the problem well before February 20, 2013.

Moreover, plaintiff has not alleged a factual basis for holding the Doe defendants liable for the failure to provide him with thermal bedding and clothing. In order to hold a particular defendant liable, plaintiff must allege (and ultimately prove) that the complained-of condition was within the scope of that defendant's duties and responsibilities. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (inquiry into causation must be individualized and focus on duties and responsibilities of the defendant). If that defendant had no responsibility for or ability to remedy that condition, he cannot be held liable for a failure to do so. Plaintiff

has not alleged that prison officials "in maintenance" had the responsibility or ability to issue him bedding and clothing. Nor has he alleged to whom his request for thermal bedding and clothing was directed, or when it was made.

Thus, plaintiff has failed to allege deliberate indifference on the part of the Doe defendants.[4] His factual allegations are insufficient to allege a plausible claim that each of these defendants knew of and deliberately disregarded a substantial risk to plaintiff's health from the cold temperatures in his cell. Farmer, 511 U.S. at 837; see Iqbal, 556 U.S. at 678.

*******************

Accordingly, plaintiff's allegations are insufficient to allege an Eighth Amendment claim against any of the defendants.

*************

For the reasons set forth herein, the First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District of California civil rights complaint form, which plaintiff must fill out completely and resubmit.

---

[4] The First Amended Complaint also contains the following allegation about the four John Doe defendants: "Each defendant has failed to provide their [sic] name thus, plaintiff request[s] of the court to refer to the four (4) motions filed, and subtract what is within the scope of this pending action." (First Amended Complaint at 10-11.) The allegation is unintelligible as to what plaintiff is requesting. Moreover, it is plaintiff's responsibility to discover the names of the four John Doe defendants, so that they can be served with process if plaintiff succeeds in stating a claim against them. Plaintiff must allege a sufficient factual basis for his claims based in the allegations of his operative complaint alone. He cannot rely on matter in any "motions" or other documents not attached to the complaint. Finally, there are no motions currently before the Court.

Plaintiff may not add new claims or new defendants without obtaining prior leave of court. Fed. R. Civ. P. 15(a).

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: June 27, 2014                       /s/ John E. McDermott
                                                            JOHN E. MCDERMOTT
                                                  UNITED STATES MAGISTRATE JUDGE